UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY G. CROWLEY, et al., )
)
     Plaintiffs, )
)
        v. )   NO. 3:06-0396
)
CITY OF MURFREESBORO, TENNESSEE,)   Judge Campbell/Bryant
et al., )   **Jury Demand**
)
     Defendants. )

**TO: The Honorable Todd J. Campbell**

<u>**REPORT AND RECOMMENDATION**</u>

**I.  INTRODUCTION**

      Pending before the Court are defendants' Motions to
Dismiss (Docket Entry Nos. 14 and 19) and defendants' Motions to
Strike (Docket Entry Nos. 28 and 30). By order of the District
Judge (Docket Entry No. 34), these motions were referred to the
Magistrate Judge for a Report and Recommendation.

      For the reasons set forth below, the undersigned
**recommends** that defendants' Motions to Dismiss be **denied** in part
and **granted** in part, and that their motions to strike be **granted**.

**II.  STATEMENT OF THE CASE**

      In their First Amended Complaint (Docket Entry No. 5),
plaintiffs Timothy Crowley and Cathy Crowley assert federal claims
against defendants City of Murfreesboro, Shawn Garrison, Shawn
Murphy, Clayton Williams and Logan's Roadhouse, Inc. for alleged
violations of Mr. Crowley's constitutional rights pursuant to 42

U.S.C. §1983 (Count One), and related state claims of assault and battery (Count Two), outrageous conduct (Count Three), infliction of emotional distress (Count Four), negligence (Count Five), and malicious abuse of process, false arrest and false imprisonment (Count Six). Mrs. Crowley seeks to recover for loss of consortium resulting from alleged injury to Mr. Crowley (Count Eight).[1] Jurisdiction is based upon federal question, 28 U.S.C. § 1331 and violation of civil rights, 28 U.S.C. § 1343(a)(3). Supplemental jurisdiction of the state law claims is premised on 28 U.S.C. § 1367.

Defendants have filed their motions to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. Defendants assert that the First Amended Complaint fails to state a claim upon which relief can be granted or, in the alternative, that the federal claims supporting subject matter jurisdiction should be dismissed and the court should decline to hear the ancillary state claims.

III. **FACTUAL ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

Plaintiffs allege that on April 22, 2005, they were eating dinner with two other couples at the Logan's Roadhouse restaurant in Murfreesboro, Tennessee. Plaintiff Timothy Crowley's

---

[1]Plaintiffs previously have voluntarily dismissed claims against the Murfreesboro Police Department, the defendant police officers in their official capacities, and claims arising under the Tennessee Human Rights Act, T.C.A. § 4-21-701 (Docket Entry Nos. 25 and 26). Accordingly, those claims will not be addressed in this Report and Recommendation.

brother, Terry, was in the group. Terry Crowley's dinner was served late, and did not arrive at their table until the others in the group had finished their meals. Terry Crowley told the waiter that he no longer wanted his meal. The waiter summoned the restaurant manager, Mark Mann, to the Crowleys' table. Terry Crowley told Mann that he no longer wanted the meal, and did not intend to pay for it, because it had not been served before the rest of his party had finished eating.

Defendants Garrison, Murphy and Williams, three Murfreesboro police officers, also were eating dinner at Logan's Roadhouse that evening. Mann informed these officers that he "had a problem with one of his customers who did not want to pay." Mann returned to the Crowleys' table accompanied by the three police officers.

Mann presented the dinner checks to the Crowleys in the presence of the officers and Terry Crowley stated that he refused to pay for his meal, and that he should not be expected to pay because of the extremely tardy service. The defendant officers approached the table, and ordered Terry Crowley to stand up. When he complied, they ordered him to accompany them outside the restaurant.

Plaintiff Timothy Crowley stood and asked the defendant officers where they were taking his brother. According to the amended complaint, defendant Murphy ordered the plaintiff to "sit

3

down" and "shut up," and the plaintiff complied. Terry Crowley then left the restaurant in the company of the three officers.

Shortly thereafter, plaintiff Timothy Crowley arose and followed the officers and his brother outside the restaurant. There he saw the defendant officers handcuff his brother and put him in a police cruiser. Timothy Crowley allegedly asked the officers why his brother was being arrested. According to the First Amended Complaint, the officers did not reply.

After placing Terry Crowley in the police car, defendant Murphy approached Timothy Crowley on the sidewalk. Defendant Murphy motioned to the other two officers, who then "rushed" Timothy Crowley. Defendant Murphy sprayed Timothy Crowley in the face with pepper spray and tackled him. Although Timothy Crowley repeatedly told the officers that he was not fighting them and that they were hurting him, the three officers slammed Timothy Crowley to the ground, got on top of him, pulled his arms behind him and forcefully kneed his left arm behind his back.

As a result, the First Amended Complaint alleges that Timothy Crowley required emergency medical treatment later that evening, and was eventually required to undergo surgery to repair a torn rotator cuff in his left arm. The First Amended Complaint further alleges that, as a result of the actions of defendants, plaintiffs Timothy Crowley and Cathy Crowley have been unable to have normal marital relations.

4

## IV. ANALYSIS

Defendants have moved to dismiss the federal claims in the First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and urge the Court to decline to hear the related state claims. Alternatively, defendants moved to dismiss all claims under Rule 12(b)(6) for failure to state a claim.

Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. Oil Chem. & Atomic Workers International Union v. Delta Refining Co., 277 F.2d 694, 697-98 (6th Cir. 1960).

Count One - The Section 1983 Claims. A § 1983 claim must satisfy two elements: "(1) The deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state

5

law." <u>Simescu v. Emmet County Dept of Social Services</u>, 942 F.2d 372, 374 (6th Cir. 1991). Defendants argue that plaintiffs' claims under 42 U.S.C. § 1983 fail to state a claim because the defendants cannot be held liable under the doctrine of <u>respondeat</u> <u>superior</u> for the acts of their employees. In addition, defendant Logan's asserts: (1) that the First Amended Complaint fails to allege that Logan's took any action resulting in the alleged violation of plaintiff Timothy Crowley's civil rights; (2) that plaintiffs fail to allege that Logan's acted under color of state law; and (3) that the complaint fails to allege that plaintiffs' constitutional rights were violated. Finally, the City of Murfreesboro and the individual police officer defendants argue that the complaint fails to state a claim against them because: (1) the individual police officers are entitled to qualified immunity for their actions; and (2) no facts have been alleged in the complaint suggesting an absence of probable cause for plaintiff's arrest, and no facts have been alleged suggesting violation of a federally protected right.

The allegations of the First Amended Complaint, read in a light most favorable to plaintiffs, describe an arrest of Timothy Crowley by the three individual defendant police officers, at the instigation of the Logan's manager, without probable cause and with the use of excessive force. Where an excessive force claim arises in the context of an arrest of a free citizen, it is most properly characterized as one invoking the protection of the Fourth

6

Amendment. Graham v. Conner, 490 U.S. 386, 393, 109 S.Ct. 1865, 1870 (1989); Darrah v. City of Oak Park, 255 F.3d 301, 305 (6th Cir. 2001). Moreover, it is well established that excessive force can form a legitimate basis for a § 1983 claim. Kain v. Nesbitt, 156 F.3d 669, 673 (6th Cir. 1998); Walton v. City of Southfield, 995 F.2d 1331, 1342 (6th Cir. 1993); Holt v. Artis, 843 F.2d 242, 246 (6th Cir. 1988). Accordingly, plaintiffs' allegations in the complaint that Timothy Crowley was arrested by the defendant police officers, without probable cause and using excessive force, states a claim under § 1983.

A private party, even though not an official of the State, can be liable under § 1983.

> "Private persons, jointly engaged with state officials in the prohibited action, are acting `under color' of law for purposes of the statute. To act `under color' of law does not require that the accused be an officer of the State. It is enough if he is a willful participant in joint activity with the State or its agents."

Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06 (1970), quoting United States v. Price, 383 U.S. 787, 794 86 S.Ct. 1152, 1157 (1966). Although absent discovery the complete role of Mr. Mann and his employer, Logan's, in this incident is unclear, the undersigned finds that the First Amended Complaint alleges against Logan's the role of a "state actor" sufficient to survive a Rule 12(b)(6) motion to dismiss.

7

Defendants correctly maintain that Logan's and the City of Murfreesboro cannot be held liable under § 1983 for the wrongful conduct of their employees under the doctrine of <u>respondeat superior</u>. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); <u>Sheet v. Corrections Corporation of America</u>, 102 F.3d 810, 818 (6th Cir. 1996). To establish a claim against a municipality or a corporation, a plaintiff must prove an "impermissible policy" or a "constitutionally forbidden" rule or procedure of the municipality or corporation that was the "moving force of the violation." <u>Monell</u>, 436 U.S. at 694, 98 S.Ct. at 2037-38. In the absence of discovery, it is difficult if not impossible to determine whether the actions of the Logan's manager in involving the defendant police officers, and the defendant police officers in subduing plaintiff and taking him into custody, were in furtherance of established policies or procedures of their respective employers. Nevertheless, the allegations of the First Amended Complaint satisfy the requirements of notice pleading under the Federal Rules and serve to put defendants on notice that plaintiffs assert a claim under § 1983 based on the events of April 22, 2005, at the Logan's Roadhouse in Murfreesboro. Whether plaintiffs can develop evidence to support their claims remains to be seen, but that question need not be answered in an inquiry under Rule 12(b)(6).

8

<u>Counts Two through Eight - The State Law Claims</u>.

<u>The Tennessee Governmental Tort Liability Act</u>. Defendant City of Murfreesboro urges that this Court should not exercise jurisdiction over Plaintiffs' state law tort claims against it because of the exclusive jurisdiction provision of the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. §§ 29-20-101 <u>et seq.</u>. Specifically, the City argues that Tenn. Code Ann. § 29-20-307 vests "exclusive original jurisdiction" over any action subject to TGTLA in the state circuit courts, and that this Court, therefore, should decline supplemental jurisdiction of these state law tort claims against the City pursuant to 28 U.S.C. § 1367(c).

The district courts of Tennessee have both declined and accepted supplemental jurisdiction of claims implicating TGTLA. <u>Compare</u>, <u>e.g.</u>, <u>Cross v. City of Chattanooga</u>, 2005 WL 2456977 (E.D. Tenn. Oct. 3, 2005)(declined); <u>Kyle v. Benton County</u>, 2005 WL 2210212 (W.D. Tenn. Sept. 9, 2005)(declined); <u>Cunningham v. Reid</u>, 337 F.Supp.2d 1064 (W.D. Tenn. 2004)(declined); <u>Spurlock v. Whitley</u>, 971 F.Supp. 1166 (M.D. Tenn. 1997), aff'd sub nom. <u>Spurlock v. Satterfield</u>, 167 F.3d 95 (6th Cir. 1999)(declined); <u>Timberlake v. Benton</u>, 786 F.Supp. 676 (M.D. Tenn. 1992)(declined); <u>Beddingfield v. City of Pulaski</u>, 666 F.Supp. 1064 (M.D. Tenn. 1987), rev'd on other grounds, 861 F.2d 968 (6th Cir. 1988)(declined), <u>with</u> <u>Hobson v. City of Memphis</u>, 2005 WL 3434636 (W.D. Tenn. Dec. 13, 2005)(accepted); <u>Malone v. Fayette County</u>, 86

9

F.Supp.2d 77 (W.D. Tenn. 2000)(accepted); <u>Metaljan v. Memphis-Shelby County Airport Auth.</u>, 752 F.Supp. 834 (W.D. Tenn. 1990)(accepted).

The Court of Appeals for the Sixth Circuit has stated as follows:

> Title 28 U.S.C. § 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim "if . . . in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).
>
> The Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-101 et seq., provides in pertinent part: "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter. . . ." Tenn. Code Ann. § 29-20-307.
>
> In this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction. Accordingly, we find no error in the Magistrate Judge's dismissal of the official capacity claims against Officer Shearin.

<u>Gregory v. Shelby County</u>, 220 F.3d 433, 446 (6th Cir. 2000).

In contrast, no such limitation is placed on suits brought against officials sued in their individual capacities, and for which they may be individually liable. <u>Timberlake v. Benton</u>, 786 F.Supp. 676, 697 (M.D. Tenn. 1992).

In view of the foregoing authority, the undersigned **RECOMMENDS** that this Court decline supplemental jurisdiction of the

10

state law tort claims against defendant City of Murfreesboro, and that these claims be dismissed without prejudice.

      <u>Count Two - Assault and Battery</u>. Plaintiffs in Count Two of the First Amended Complaint allege that the actions of the defendant police officers constitute the common law torts of assault and battery, and plaintiffs further allege that Logan's is liable because its employee, the restaurant manager, "incited, instigated and directed" the actions of the police officers.

      Although defendant Logan's acknowledges that a non-participant may be held liable for assault and battery in some instances if he encourages or incites the acts of the direct perpetrators of the tort, it maintains that plaintiffs do not allege "factually" that any Logan's employee was present, or did anything to incite, instigate or direct an assault or battery on plaintiff.

      An assault is defined as an intentional attempt, or the unequivocal appearance of an intentional attempt, coupled with the present ability, or the unequivocal appearance of the present ability, to do harm to the person of another. <u>Raines v. Shoney's, Inc.</u>, 909 F.Supp. 1070 (E.D. Tenn. 1995). A battery is "any intentional, unlawful and harmful (or offensive) contact by one person with the person of another." <u>Thompson v. Williamson County</u>, 965 F.Supp. 1026, 1038 (M.D. Tenn. 1997), quoting <u>Raines v. Shoney's, Inc.</u>, 909 F.Supp. at 1083.

11

Generally, mere words are not sufficient to constitute an assault and battery, but a person may be held liable for the tort of assault and battery if he encouraged or incited by words the act of the direct perpetrator of the tort. _Gann v. Jones_, 1988 Tenn. App. LEXIS 241, at *3-4 (Tenn. Ct. App., April 13, 1988). The doctrine of _respondeat_ _superior_ holds an employer vicariously liable for the torts of its employees while they are acting within the scope of their employment. _Insurance Co. of North America v. Federated Mut. Ins. Co._, 518 F.2d 101, 103 (6th Cir. 1975).

Accepting all allegations in the First Amended Complaint as true, and drawing all reasonable inferences and conclusions in favor of plaintiffs, the undersigned finds that plaintiffs have stated a claim against defendants Logan's and the three police officers for the tort of assault and battery.

Counts Three and Four - Outrageous Conduct and Infliction of Emotional Distress. In Counts Three and Four of the First Amended Complaint, plaintiffs allege that the acts of the defendants constituted outrageous conduct and "caused Plaintiffs to suffer physical and emotional distress for which Defendants are all liable."

The defendant police officers maintain that their conduct, as alleged in the First Amended Complaint, is not so extreme as to be intolerable in a civil society. They further assert that the First Amended Complaint does not allege that

12

plaintiffs suffered <u>serious</u> mental injury and, therefore, fails to state a claim. Defendant Logan's, in addition to the defenses raised by the defendant officers, asserts that the First Amended Complaint "fails to allege that any action by Logan's was outrageous or that the Plaintiffs suffered mental injury."

The tort of intentional infliction of emotional distress is also known as the tort of outrageous conduct. <u>Bain v. Wells</u>, 936 S.W.2d 618, 622 n.3 (Tenn. 1997). The elements of this tort are: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in serious mental injury. <u>Bain v. Wells</u>, at 622.

According to the allegations in the First Amended Complaint, the three defendant law enforcement officers, without provocation or probable cause to believe that plaintiff Timothy Crowley had committed a crime, deliberately attacked and beat him so severely that he later was required to undergo surgical repair of his shoulder. Moreover, according to the plaintiffs' allegations, Mark Mann, acting in the capacity of an agent for Logan's, "incited, instigated and directed these deliberate and intentional acts." The Court finds that if these allegations turn out to be supported by the evidence, a reasonable finder of fact could indeed decide that such conduct is outrageous and should not be "tolerated by civil society." Accordingly, the undersigned

13

finds that plaintiffs have sufficiently stated a claim for the tort of intentional infliction of emotional distress or outrageous conduct.

Count Five - Negligence.  The First Amended Complaint alleges that the defendant officers' "use of intimidation, coercion, and excessive force in violating Plaintiffs' constitutional rights" amounted to negligence, and that Logan's is liable under the doctrine of respondeat superior for the negligence of its manager, Mr. Mann, in "inciting the police officers to wrongfully arrest Timothy Crowley and violate Plaintiffs' constitutional rights." Plaintiffs further allege that defendants' negligence proximately caused plaintiffs to suffer physical and mental injuries and resulting medical expenses.

Although a count alleging negligence by the defendants contrasts with the allegations of intentional torts found in the other counts of the First Amended Complaint, that difference does not establish a failure to state a claim. Rule 8(a), referring to general rules of pleading, states in pertinent part: "Relief in the alternative or of several different types may be demanded." Moreover, Rule 8(e) states in part: "A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable or maritime grounds."

14

Defendant City of Murfreesboro maintains (1) that the claim of negligence against the defendant police officers is not negligence at all, but instead a "thinly disguised allegation of intentional conduct; and (2) to the extent that the Tennessee Governmental Tort Liability Act removes governmental immunity of the City of Murfreesboro for the conduct of its policemen, no direct claims can be brought against the policemen-employees for those same acts. Without opining as to the nature of plaintiffs' claims against the individual police officers, the second point raised by the City is valid. Tenn. Code Ann. § 29-20-310(b). The City does not argue that its employees were not acting in the scope of their employment, a fact which, if established, would leave intact the City's sovereign immunity as to the negligence claims against its employees. Tenn. Code Ann. § 29-20-205. Rather, the City merely contends (rightly) that plaintiffs cannot have it both ways by claiming damages from both the City and the individual officers based on the officers' negligent acts. In view of the undersigned's recommendation that the Court decline to exercise supplemental jurisdiction over any state law claims implicating TGTLA, the undersigned concludes that the only negligence claim which this Court should continue to entertain is the claim against Logan's.

Defendant Logan's argues that the First Amended Complaint fails to allege breach of duty by its manager or causation, essential elements of the cause of action.

15

However, applying the standard of review governing Rule 12(b)(6) motions and the minimal requirements of notice pleading, the undersigned finds that the First Amended Complaint states a claim against defendant Logan's for negligence.

Count Six - Malicious Abuse of Process, False Arrest, and False Imprisonment.  Plaintiffs in Count Six allege that "[t]he defendant police officers and defendant Logan's used the criminal process against Plaintiffs in order to intimidate him and violate his constitutional rights by utilizing intimidation, coercion and excessive force.  Defendant police officers and Defendant Logan's had plaintiff Timothy Crowley falsely arrested and falsely imprisoned on bogus charges that never existed."

Defendant police officers assert that the amended complaint fails to state a claim because it contains no allegation of "some ulterior motive on the part of the police officers." Additionally, these defendants maintain that the amended complaint fails to allege "that the Plaintiff Terry Crowley's detention by the police officers lacked probable cause or that it was otherwise unlawful."

Defendant Logan's asserts that the amended complaint contains "no allegations that the Logan's manager asked or suggested that anyone be arrested."  Moreover, Logan's argues that "one cannot be held liable for false imprisonment or false arrest where he merely informs an officer of circumstances which arouse suspicions, but made no request or suggestion that the suspected

16

person be arrested, and the officer, on his own volition, made an arrest," citing <u>Collins v. Knox County</u>, No. E 2003-01421-COA-R3-CV, 2004 Tenn. App. LEXIS 124, 5-6 (Tenn. Ct. App. Feb. 25, 2004).

Under Tennessee law, the elements of a claim of abuse of process are: (1) the existence of an ulterior motive, and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. <u>Givens v. Mullikin ex rel. McElwaney</u>, 75 S.W.3d 383, 402 (Tenn. 2002).

The elements of the tort of false imprisonment are: (1) the detention or restraint of one against his will and the unlawfulness of such detention or restraint. <u>Coffee v. Peterbilt of Nashville, Inc.</u>, 795 S.W.2d 656, 659 (Tenn. 1990); <u>Little Stores v. Isenberg</u>, 26 Tenn. App. 357, 172 S.W.2d 13 (Tenn. Ct. App. 1943). Moreover, in an action for false imprisonment, it matters not whether a defendant directly ordered the arrest so long as he set in motion the machinery which proximately caused the arrest, that is, if the arrest was not the act of the officer or other person making the arrest on his own volition. <u>Blue Star Service, Inc. v. McCurdy</u>, 36 Tenn. App. 1, 251 S.W.2d 139, 143 (Tenn. App. 1952). The particulars of a direction or request for arrest sufficient to impose liability for false imprisonment depend upon the facts of each case, and the party directing the arrest need not have been present at the time of the arrest. <u>Id.</u>

Finally, the liability of a principal for the act of his agent in instituting a malicious prosecution or causing a false

17

arrest or imprisonment is dependent upon whether the principal previously authorized or subsequently ratified it, or whether the act was within the scope of the agent's employment.  <u>Coffee v. Peterbilt</u>, 795 S.W.2d at 660.

Taking the allegations in the First Amended Complaint as true, and resolving all reasonable inferences in favor of plaintiffs, the undersigned finds that plaintiffs have stated a claim for abuse of process and false imprisonment.

<u>Count Eight - Loss of Consortium</u>.  In Count Eight of the First Amended Complaint, plaintiffs allege that, as a result of the physical injury inflicted on plaintiff Timothy Crowley, he has been unable "to maintain normal marital relations with his wife, Plaintiff Cathy Crowley."  The amended complaint further alleges that "all defendants are liable for the loss of consortium suffered by both Plaintiffs as a result of the wrongful acts described above. . . ."

Loss of consortium is a derivative claim in the sense that it originates from personal injuries to one's spouse.  <u>Tuggle v. Allright Parking Sys.</u>, 922 S.W.2d 105, 108 (Tenn. 1996). Nevertheless, loss of consortium is a separate claim from that of an injured spouse, and is a distinct claim vested solely in the spouse of an injured person.  <u>Hunley v. Silver Furniture Mfg. Co.</u>, 38 S.W.3d 555 (Tenn. 2001); Tenn. Code Ann. § 25-1-106.

This Court recently has held that a wife may maintain an action for loss of consortium against a tortfeasor who has caused

18

personal injury to her husband, as a supplemental state claim under 28 U.S.C. § 1367, in an action brought by her husband pursuant to 42 U.S.C. § 1983.  See <u>Kinzer v. Metropolitan Government of Nashville</u>, 451 F.Supp.2d 931 (M.D. Tenn. 2006).

The undersigned finds that the First Amended complaint states a claim by Mrs. Crowley for loss of consortium.

<u>The Motions to Strike</u>

The defendants have filed motions to strike (Docket Entry Nos. 28 and 30), seeking to have stricken Exhibit A to plaintiffs' Response to Logan's Roadhouse, Inc.'s Motion to Dismiss (Docket Entry No. 21-1).  Exhibit A is an unauthenticated transcript of the preliminary hearing of Timothy Crowley and Terry Crowley before the Rutherford County General Sessions Court on October 6, 2005.

As grounds for their motion to strike, defendants maintain that plaintiffs, when challenged by a motion to dismiss under Rule 12(b)(6), may not bolster their complaint by adding additional, extrinsic, unpled facts in their memorandum opposing the motion.

Plaintiffs, in response, argue that, when ruling on a motion to dismiss under Rule 12(b)(6), a Court may consider additional facts not contained in the complaint "provided that those facts are not inconsistent with the allegations of the complaint."

Courts ruling on motions to dismiss under Rule 12(b)(6) "may consider only the facts alleged in the pleadings, documents

attached or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice." 2 James Wm. Moore <u>et al.</u>, Moore's FEDERAL PRACTICE § 12.34{2} (3<sup>d</sup> ed. 2000). "The court may not, for example, take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." <u>Id.</u>; <u>Shanahan v. City of Chicago</u>, 82 F.3d 776, 781 (7th Cir. 1996); <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1107 (7th Cir. 1984).

Based upon the foregoing authorities, the undersigned **RECOMMENDS** that the defendants' motions to strike (Docket Entry Nos. 28 and 30) be **GRANTED**.

## V. RECOMMENDATION

In summary, for the reasons stated above, the undersigned **RECOMMENDS**:

(1) that the Court, in its discretion, decline to accept jurisdiction of the supplemental state claims against the City of Murfreesboro (Counts Two, Three, Four, Five and Six) and that these claims should be dismissed without prejudice;

(2) that, with respect to the remaining claims, the motions to dismiss should be **DENIED**; and

(3) that the defendants' motions to strike Exhibit A to Plaintiffs' Response to Defendant Logan's Roadhouse, Inc.'s Motion to Dismiss should be **GRANTED**.

20

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of January, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

Case 3:06-cv-00396   Document 50   Filed 01/04/07   Page 21 of 21 PageID #: 380