IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

TIMOTHY G. CROWLEY and )
CATHY CROWLEY )
)
v. ) NO. 3:06-0396
) JUDGE CAMPBELL
CITY OF MURFREESBORO, )
TENNESSEE, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 50), Objections filed by Defendants City of Murfreesboro, Shawn Garrison, Shawn Murphy and Clayton Williams (Docket No. 51) and Objections filed by Defendant Logan's Roadhouse (Docket No. 52). The pending Motions addressed by the Report and Recommendation are Defendants' Motions to Dismiss (Docket Nos. 14 and 19) and Defendants' Motions to Strike (Docket Nos. 28 and 30).

The Court has reviewed the Report and Recommendation, the Objections, and the file. The Objections of Defendant City of Murfreesboro, Garrison, Murphy and Williams are granted in part and overruled in part. The Objections of Defendant Logan's Roadhouse are granted. The Report and Recommendation is adopted and approved in part and overruled in part as follows.

For the reasons stated by the Magistrate Judge, Defendants' Motions to Strike (Docket Nos. 28 and 30) are GRANTED.

DEFENDANT CITY OF MURFREESBORO

The Recommendation of the Magistrate Judge that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant City of Murfreesboro

1

is adopted and approved, and those claims are dismissed without prejudice. The Court finds, however, that Plaintiff has failed to allege or identify any custom, policy or practice of the City for purposes of municipal liability under Section 1983. Monell v. Department of Social Services of City of New York, 98 S.Ct. 2018, 2037-38 (1978). For this reason, the Report and Recommendation concerning the Section 1983 claims against the City is overruled and Plaintiff's federal claims against Defendant City of Murfreesboro are DISMISSED with prejudice. Accordingly, the City of Murfreesboro's Motion to Dismiss is GRANTED.[1]

DEFENDANT LOGAN'S ROADHOUSE

The Recommendation of the Magistrate Judge that Defendant Logan's Roadhouse's Motion to Dismiss be denied is overruled. Assuming for purposes of these Motions that the alleged actions of the Logan's Roadhouse employee could be considered "under color of state law," which the Court doubts, the Court finds that Plaintiff's First Amended Complaint fails to identify any custom, policy or practice of Defendant Logan's Roadhouse which proximately caused a violation of Plaintiff's constitutional rights. In addition, the Court finds that Plaintiff has failed to state any facts which show that Defendant Logan's Roadhouse actually incited, instigated or directed the arrest of Plaintiff. The facts alleged as to Logan's Roadhouse have to do solely with Plaintiff's brother, Terry Crowley.

For example, Plaintiff alleges that the restaurant manager brought the Defendant police officers to the table because Terry Crowley, *not Plaintiff*, would not pay his bill. First Amended Complaint (Docket No. 5), ¶¶ 13-14. Plaintiff alleges that the Defendant officers, in response to

---

[1] Any claim for punitive damages against the City of Murfreesboro would be dismissed with prejudice in any event, because the city may not be held liable for punitive damages. City of Newport v. Fact Concerts, Inc., 101 S.Ct. 2748, 2762 (1981).

some prompting from the restaurant manager, ordered Terry Crowley, *not Plaintiff,* to stand up and go outside with them. Id., ¶ 14. After they got outside, allegedly in response to information or a request from the restaurant manager, the Defendant officers arrested Terry Crowley, *not Plaintiff*. Id., ¶ 16-17. The only actions allegedly taken by the officers with regard to Plaintiff, while in the restaurant in the presence of Logan's manager, were the officers' telling Plaintiff to "sit down" and "shut up." Id., ¶ 15.

Plaintiff does not allege that Defendant Logan's Roadhouse asked the police officers to take Plaintiff outside. Plaintiff went outside on his own volition. Id., ¶ 16. Plaintiff does not allege that Defendant Logan's Roadhouse asked the police officers to arrest Plaintiff, knew the police officers were arresting Plaintiff, or took part in any way in the physical treatment of Plaintiff outside the restaurant. Id., ¶ 17. Plaintiff instead alleges that *the Defendant officers* "attacked" him when he asked why they were arresting his brother, not as a result of any action of the restaurant. Id. There is nothing in the First Amended Complaint to show that any action of Logan's Roadhouse was the proximate cause of an alleged constitutional violation or injury to Plaintiff.

Therefore, the Court finds that Defendant Logan's Roadhouse's Motion to Dismiss the federal claim against it should be granted, and all federal claims against Defendant Logan's Roadhouse are dismissed. Having dismissed all federal claims against this Defendant, the Court, pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over Plaintiff's state law claims against this Defendant, and those claims are dismissed without prejudice. Defendant Logan's Roadhouse's Motion to Dismiss (Docket No. 14) is GRANTED.

## THE INDIVIDUAL DEFENDANTS

The Recommendation of the Magistrate Judge that the claims for violation of constitutional rights, assault and battery, abuse of process, false arrest and false imprisonment against the individual officers not be dismissed is adopted and approved. Accordingly, the individual Defendants' Motion to Dismiss those claims is DENIED.

The Court also agrees with the Magistrate Judge that Plaintiff's claim for negligence is not available against the individual officers, pursuant to Tenn. Code Ann. § 29-20-310(b). The individual Defendants' Motion to Dismiss the negligence claim is GRANTED, and that claim is dismissed.

The Recommendation of the Magistrate Judge with regard to Plaintiff's claim for outrageous conduct/intentional infliction of emotional distress[2] is overruled. The Court finds that, even taking the facts as alleged by Plaintiff as true, Plaintiff has failed to state a claim for outrageous conduct. Plaintiff has failed to allege a serious mental injury or conduct so outrageous as to rise to the level of this intentional tort. Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). Accordingly, the individual Defendants' Motion to Dismiss the claims of outrageous conduct and intentional infliction of emotional distress is GRANTED, and those claims are dismissed.

## CONCLUSION

For these reasons, the Report and Recommendation of the Magistrate Judge is ADOPTED and APPROVED in part and OVERRULED in part. The City of Murfreesboro and the Individual Defendants' Motion to Dismiss (Docket No. 19) is GRANTED in part and DENIED in part. All claims against the City are DISMISSED, and Plaintiff's claims for negligence and outrageous

---

[2] Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action. Bain v. Wells, 936 S.W.2d 618, 622, n. 3 (Tenn. 1997).

4

conduct against the individual Defendants are DISMISSED. Defendant Logan's Roadhouse's Motion to Dismiss (Docket No. 14) is GRANTED, and all claims against Logan's Roadhouse are DISMISSED.

The remaining claims are set for trial by contemporaneous Order.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE