IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

TIMOTHY G. CROWLEY and )
CATHY CROWLEY )
 )
v. ) NO. 3:06-0396
 ) JUDGE CAMPBELL
CITY OF MURFREESBORO, )
TENNESSEE, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Partial Summary Judgment as to Claims of "Malicious Abuse of Process," False Arrest and False Imprisonment (Docket No. 68). For the reasons stated herein, Defendants' Motion is GRANTED.

FACTS

Plaintiffs have alleged, among other things, claims against the individual Defendants Garrison, Murphy and Williams, for "malicious abuse of process,"[1] false arrest and false imprisonment, arising out of an incident in the parking lot of Logan's Roadhouse in Murfreesboro, Tennessee. For purposes of this Motion, the Court will recount only limited facts from Plaintiffs' First Amended Complaint.

Plaintiffs allege that, at the time in question, the Defendant police officers "rushed Timothy Crowley." Docket No. 5, ¶ 17. Plaintiffs allege that "Defendant Murphy sprayed Timothy Crowley in the face with pepper spray and tackled him. Defendants Garrison and Williams followed defendant Murphy as he slammed Timothy Crowley to the ground and got on top of him." Id.

---

[1] Plaintiffs have represented to the Court that their claim for "malicious abuse of process" was "an inadvertent misnomer for the tort of malicious prosecution." Docket No. 72, n. 2.

Finally, Plaintiffs claim that the Defendant officers "roughly pulled Timothy Crowley's arms behind his back, and defendant Garrison kneed Timothy Crowley's left arm completely behind his back." Id. Plaintiffs have sued the Defendant officers pursuant to 42 U.S.C. § 1983 and also brought several state law claims. This Motion is related to three of those state law claims.

On October 6, 2006, the General Sessions Court of Rutherford County, Tennessee conducted a preliminary hearing to determine whether there was probable cause to proceed with a criminal prosecution of Timothy Crowley. Defendant Murphy testified, and Plaintiff Timothy Crowley was present and represented by counsel but did not testify. The state judge determined that there was probable cause to believe that Mr. Crowley was guilty of the offenses with which he was charged.

Defendants have moved for partial summary judgment, contending that Plaintiffs are collaterally estopped to argue that there was no probable cause for Mr. Crowley's arrest. Defendants argue that the state court's finding of probable cause precludes Plaintiffs' malicious prosecution, false arrest and false imprisonment claims.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

FALSE ARREST, FALSE IMPRISONMENT, MALICIOUS PROSECUTION

Under Tennessee law, in order to prove false arrest, false imprisonment and malicious prosecution, Plaintiffs must establish that the arrest of Timothy Crowley was without probable cause. Bryant-Bruce v. Vanderbilt University, Inc., 974 F.Supp. 1127, 1145 (M.D. Tenn. 1997); Parrish v. Marquis, 172 S.W.3d 526, 530 (Tenn. 2005); McLaughlin v. Smith, 412 S.W.2d 21, 26 (Tenn. Ct. App. 1966); Brown v. SCOA Industries, Inc., 741 S.W.2d 916, 918-19 (Tenn. Ct. App. 1987).

Plaintiffs do not dispute that the state court judge found probable cause at the preliminary hearing in Timothy Crowley's criminal matter. Rather, Plaintiffs argue that the testimony upon which the finding of probable cause was found, that of Officer Murphy, has changed since that preliminary hearing and, therefore, is not creditworthy. For example, Plaintiffs argue that, although Murphy testified at the preliminary hearing that they had to "wrestle" Mr. Crowley to the ground, he later denied (at Mr. Crowley's criminal trial) that the officers had "rushed" Mr. Crowley and testified that the parties merely tangled their feet together and lost their balance. Finally, Plaintiffs contend that Officer Murphy testified in deposition that he did not believe a "tackle" was involved.

3

Plaintiffs overlook the fact that they have admitted, actually alleged in their First Amended Complaint that Defendants "rushed" and "tackled" Timothy Crowley. Plaintiffs have not shown that the basis for the state court's finding of probable cause was false.

Once an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different. Gibson v. Trant, 58 S.W.3d 103, 113 (Tenn. 2001); see also Cunningham v. Sisk, 2003 WL 23471541 at * 7 (E.D. Tenn. Dec. 4, 2003). This Court is bound by the state court determination that there was probable cause to arrest Mr. Crowley.

For these reasons, Defendants' Motion for Partial Summary Judgment is GRANTED, and Plaintiffs' state law claims for false arrest, false imprisonment and malicious prosecution are DISMISSED. All remaining claims will be tried on March 11, 2008, as previously scheduled.

IT IS SO ORDERED.

                                            *Todd Campbell*
                                            TODD J. CAMPBELL
                                            UNITED STATES DISTRICT JUDGE